E-FILED
Thursday, 30 April, 2020  01:46:54 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COREY BROOKS, | ) | |
|    Plaintiff, | ) | |
| | ) | |
|    vs. | ) | No. 19-1420 |
| | ) | |
| JUSTIN HAMMERS, | ) | |
|    Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint.  The

Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through

such process to identify and dismiss any legally insufficient claim, or the entire action if

warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state

a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated at Illinois

River Correctional Center (IRCC) by Warden Justin Hammers, Assistant Warden

Cherrle Hinthorne, Maintenance Supervisor Todd Shawgo, and Plumber Jamie Wilson.

Plaintiff's complaint and attached grievances allege two problems with living

conditions at Illinois River Correctional Center (IRCC).  First, Plaintiff says facility staff

does not clean dust from the vents which "contains dead skin with deadly disease, dead

rats with their dead hair," "mold," and "old rush from the pipes in the vents." (Comp.,

p. 5, 8).  Plaintiff claims the vents blow the substances onto his bed and into his cell.

1

Second, Plaintiff says there is mold on the shower walls and in the drain. Plaintiff claims the shower drain also backs up filling the shower with "raw sewage and dirty water" while he is using it. (Comp., p. 10).

Plaintiff says due to the problems with the vents and showers, medical staff provided him with cream due to "itching." (Comp, p. 5).

Plaintiff has attached grievances he filed addressing both issues as well as a grievance filed by his cell mate.  "Maintenance" reported the air ducts were only required to be cleaned out once a year. (Comp., p. 10).  A grievance officer also informed Plaintiff the "facility plumber" reported the showers were working fine and there were no health hazards. (Comp., p. 12).

Therefore, Plaintiff says Maintenance Supervisor Shawgo and Plumber Wilson are aware of his reported problems and each was responsible for keeping the vents or showers safe for inmates.  Plaintiff also alleges Assistant Warden Hinthorne is responsible for overall maintenance at the facility.

"The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of 'the minimal civilized measure of life's necessities,' and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  For the purposes of notice pleading, Plaintiff has articulated a violation of his Eighth Amendment rights.  The claim is stated against the Defendants Shawgo, and Wilson in their individual capacities and against Defendant Hammers in

2

his official capacity.  Plaintiff has not articulated a claim against Defendant Hinthorne since he alleges only that she was a supervisor for overall maintenance at IRCC. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( supervisors are not liable for the errors of their subordinates).

Finally, the Court notes while Plaintiff does not have to demonstrate he exhausted his administrative remedies in his complaint, the attached grievances do not indicate whether Plaintiff completed the grievance process as required before filing his complaint. (Comp., p. 8-12); *see also* 42 U.S.C. § 1997e(a). Since exhaustion is an affirmative defense, it is an issue better addressed in a motion for summary judgment. See *Jones v. Bock*, 549 U.S. 199, 216 (2007).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Justin Hammers, Todd Shawgo, and Wilson violated his Eighth Amendment rights at Illinois River Correctional Center based on Plaintiff's living conditions, specifically the showers and vents at the facility. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed

before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.   The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Hinthorne for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days**

**from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 30th day of April, 2020.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE